# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY THOMAS MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>MARSHA MCKAY, et al.,<br><br>Defendants. | Case No. 1:17-cv-0564-MJS (PC)<br><br>**ORDER VACATING DISMISSAL**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM**<br><br>**CLERK TO REOPEN CASE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 10.)

On August 21, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend within thirty days. (ECF No. 11.) To date, Plaintiff has not filed an amended complaint, a notice of voluntary dismissal, or a request for additional time. Plaintiff was advised that failure to file an amended complaint would result in dismissal of Plaintiff's case. (Id.)

Accordingly, on September 28, 2017, the Court issued an Order for Plaintiff to show cause within fourteen days why his action should not be dismissed for failure to obey a Court order. (ECF No. 12.) Over fourteen days passed and Plaintiff again failed to comply with or otherwise respond to the Court's order.

1

On November 7, 2017, the undersigned issued an Order dismissing this action for failure to obey a Court order. (ECF No. 13.) Judgment was entered in favor of Defendants and the case was closed. (ECF No. 14.)

**I.  Vacate Dismissal and Reopen Case**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case.. King v. Williams,  --- F.3d ----, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were never served and have therefore not consented to Magistrate Judge jurisdiction. Pursuant to King, the undersigned lacked jurisdiction to dismiss Plaintiff's claims with prejudice during screening.  Accordingly, the previously-entered Order of dismissal (ECF No. 13) must be, and hereby is, vacated. The Clerk of Court is directed to reopen this case and to assign a District Judge to this action.

**II.  Findings and Recommendations to Dismiss**

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff proceeds in forma pauperis and is therefore most likely indigent, making monetary sanctions of little use.

Accordingly, this case should be dismissed.

**III.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.    The Court's previously-entered Order of dismissal (ECF No. 13) is VACATED; and

2.    The Clerk of Court is directed to REOPEN this case and randomly assign a District Judge to this action.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 13, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE